Jeremy J. Alberts, State Bar No. 273290
jeremy@mytrustedattorney.com
LAW OFFICE OF JEREMY J. ALBERTS
125 W. Amerige Avenue
Fullerton, CA 92832
Telephone: (714) 441-1144
Facsimile: (714) 441-1546

Attorney for Plaintiff,
FRANK WILLIAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| FRANK WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA, successor by merger to Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, a National Association; Cal-Western Reconveyance Corporation, a California Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE: SACV13-303-DOC (MLGX)<br><br>*Assigned to Hon. David O. Carter*<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   April 8, 2013<br>Time:   8:30 a.m.<br>Ctrm.:   9-D<br><br>Complaint Filed: February 6, 2013 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff, Frank Williams, by and through his attorney of record, hereby opposes the Motion to Dismiss Plaintiff's Complaint filed by Defendant, Wells Fargo Bank, NA.  This Opposition is based on Memorandum of Points and Authorities in support thereof, all the papers on file with the Court, and any arguments made by Plaintiff's counsel at the hearing currently scheduled for this matter.

DATED: March 18, 2013           LAW OFFICE OF JEREMY J. ALBERTS

                            By:   /s/ Jeremy J. Alberts_____
                                  Jeremy J. Alberts
                                  Attorney for Plaintiff,
                                  Frank Williams

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND STATEMENT OF FACTS

The background of this case has been adequately set forth in Plaintiff's Complaint; briefly, however, Plaintiff's action centers upon Defendant Wells Fargo's failure to abide by the non-judicial foreclosure provisions of the California Civil Code, which in turn gave rise to an attendant claim for violation of the California Business and Professions Code.

Plaintiff defaulted on his loan and, after a series of ill-fated attempts to modify its payment terms, Defendants ultimately recorded a Notice of Default on May 25, 2012. At no time prior to recording the Notice did Defendant Wells Fargo contact, or attempt to contact, Plaintiff in order to explore his financial situation in order to discuss options to avoid foreclosure; as such, the foreclosure was instituted in clear violation of the California Civil Code.

Through the instant lawsuit, Plaintiff has sufficiently pled both plausible factual allegations, as well as legal claims, to enable her Complaint to move forward. This is not the phase in litigation to weigh the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## 2. STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim

unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *See* Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (*emphasis added*).

The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the complaint. *See* Rutman Wine Co. v. E. & J.Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). It is not a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. Furthermore, more recently, the U.S. Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face." *See* Bell Atlantic Corp. v. Twombly, 55 US 544 (2007).

### 3.     PLAINTIFF'S CLAIMS ARE NOT PREEMPTED BY HOLA.

While Defendant is correct in its assertion that the Home Owner's Loan Act ("HOLA") preempts certain state laws, exception is nonetheless made with respect to non-federal statutes that "only incidentally affect the lending operations of Federal savings associations." Among these exceptions are (1) contract and commercial law; (2) real property law; (3) tort law; (4) rights to collect debts; and (5) the acquisition and transfer of real property. *See, e.g.* 12 C.F.R. §560.2(a) (clarifying extent of federal preemption by HOLA); *see also* Wells v. Chevy Chase Bank, F.S.B. 832 A.2d 812, 823-27 (2003) ("OTS wants to make clear that it does not intend to preempt basic state laws such as state uniform commercial codes and state laws governing real

property, contracts [or] torts. . ." (*internal citations omitted*); *accord* <u>Tamburri v. Suntrust Mortgage, Inc.</u>, 875 F.Supp.2d 1009, 1020-1021 (N.D. Cal. 2012) ("[i]ndeed. . .if the Court accepted Defendant's arguments, it would be questionable whether any of California's (or any other states') foreclosure laws could avoid preemption.  Yet federal law provides no legal framework for foreclosure.  Thus Defendant essentially asks the Court to eviscerate decades of state foreclosure regulation.  The Court finds no authority to do so") (*internal citations omitted*).  A survey of HOLA's provisions suggests that it was implemented to regulate the various internal mechanics of federally-chartered banks' lending practices and not, as Defendants would have this Court believe, to preclude individual suits affecting an interest in real property brought by borrowers against such organizations.  A mere glance at the number of such cases filed, litigated, and disposed of, all within California state courts – with little to no mention of federal law – confirms the sheer inaccuracy of Defendant's preemption argument.

**4.    PLAINTIFF HAS ADEQUATELY PLED CAUSES OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5 AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE.**

Plaintiff's 2923.5 and Unfair Practices claims are interrelated; the former serves as a predicate statutory violation for the latter.  Defendant's Motion to Dismiss the entire Complaint rests entirely on the uncertain proposition that the 2923.5 claim is insufficiently pled.

Defendant argues that Plaintiff's central contention – namely, that he was never contacted prior to the filing of the Notice of Default – is "conclusory" and as such, is "insufficient to overcome the presumption that Wells Fargo compiled with its statutory obligations."  Presumably, Defendant's position is that, because a boilerplate declaration of due diligence was signed, the truth of what it declares is

somehow beyond question.  This is faulty logic at best, in that it conflates the difference between a *conclusive* and a *rebuttable* presumption, and equates *presumption* with *fact*.  Plaintiff maintains (and has maintained since this action's inception) that he was never contacted by a Wells Fargo representative in advance of the foreclosure:  this is a disputed factual issue that has been pled in the Complaint numerous times, with more than sufficient detail.

As to Defendant's reliance on the "tender rule," it must be conceded that, in general, a Plaintiff's failure to allege an ability or willingness to tender is detrimental to post-foreclosure actions centered on irregularities in the foreclosure process. Abdallah v. United Savs. Bank (1996) 43 Cal.App.4th 1101.  But although Plaintiff's Complaint was filed in the aftermath of the institution of foreclosure proceedings against his home, it nonetheless alleges a cause of action for violation of the California Business and Professions Code (unfair business practices).  In light of this single, indisputable fact, Defendant's bold assertion – namely, that *each of Plaintiff's causes of action* is barred by the tender rule – is simply untenable.

There are, of course, several exceptions to the tender rule, chief of which is where a "substantial statutory right" has been violated.  Whitman v. Translate Title Co. (1985) 165 Cal.App.3d 312, 211; *see also* Cal. Bus. and Prof. Code § 301 ("[t]he Legislature declares that government advances the interests of consumers by. . .protecting the consumer from the sale of goods and services through the use of deceptive methods, acts, or practices which are inimical to the general welfare of consumers").  Given the allegations in Plaintiff's Complaint, this Court may easily find that Defendant's conduct throughout the pre- and post-foreclosure process resulted in the direct violation of a "substantial statutory right" of Plaintiff's.

With respect to standing, it is difficult, if not impossible, to understand its contention that Plaintiff has not alleged any loss of money or property as a result of Defendant's conduct prior to the institution of foreclosure.  Plaintiff stands to lose his residence; with dwindling savings and little to no prospect of his financial situation improving, Plaintiff has since resorted to filing for protection under the United States Bankruptcy laws, and depending on the outcome of that case, Plaintiff may ultimately be evicted from his home.  In ruling on Defendant's motion, Plaintiff respectfully urges the Court to take his unfortunate plight into consideration.

**5.    CONCLUSION**

Plaintiff's Complaint allows this Court to infer more than the mere possibility that Plaintiff is entitled to relief; in fact, when the Court accepts the factual allegations as true the Court can make a "reasonable inference" that Defendants have engaged in misconduct for which they may be liable.  Therefore, Plaintiff respectfully requests that the Court DENY Defendant's Motion in its entirety.

However, and to the extent the Court dismisses any claim or allegation, Plaintiff respectfully requests the opportunity to amend his pleading to cure any deficiency, add additional causes of action or rename any causes of action.

DATED: March 18, 2013          LAW OFFICE OF JEREMY J. ALBERTS

                               By:    /s/ Jeremy J. Alberts_____
                                      Jeremy J. Alberts
                                      Attorney for Plaintiff,
                                      Frank Williams

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 125 West Amerige Avenue, Fullerton, California 92832.

On March 18, 2013, I served the foregoing document, described as **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
Christopher A. Carr
ccarr@afrct.com
Melissa M. Coyle
mcoyle@afrct.com
199 South Los Robles Avenue, Suite 600
Pasadena California 91101-2459
Tel: (62) 535-1900
Fax: (626) 577-7764
Attorneys for Defendant WELLS FARGO BANK, NA, successor by merger to Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, a National Association Fargo")

**[X]   BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**[X]   (FEDERAL)** I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 18, 2013 at Fullerton, California.

*Jesse Vera*
Jesse Vera

PROOF OF SERVICE