UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

Case No. SA CV 13-0303-DOC (MLGx)            Date: May 13, 2013

Title: FRANK WILLIAMS v. WELLS FARGO BANK, NA, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS):   ORDER GRANTING MOTION TO DISMISS

       Before the Court is a Motion to Dismiss (Dkt. 4) filed by Defendant Wells Fargo. The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion.

**I. Background**

       Plaintiff Frank Williams ("Plaintiff"), on or about December 29, 2004, entered into a mortgage loan agreement with World Savings Bank, FSB ("World Savings"), in the amount of $425,000. *See* Mortgage Note, Def's Request for Judicial Notice ("RJN") (Dkt. 5) Ex. A.[1] To secure payment of the principal sum of the note, he conveyed to World Savings a deed of trust on the property located at 17192 Brooklyn Avenue, Yorba Linda, CA 92886 ("Property"). *See* Deed of Trust, RJN Ex. B.[2] On December 31, 2007, World Savings changed its name to "Wachovia Mortgage, FSB." Charter

---

[1] Judicial notice is appropriate for the mortgage note because it is a true and correct copy of a document which is referred to in Plaintiff's complaint and forms the basis of the allegations contained therein. *Branch v. Tunnell*, 14 F. 3d 499, 453-54 (9th Cir. 1994) (documents that are not attached to the complaint may be incorporated by reference if the plaintiff has referred to the document in the complaint or if the document forms the basis of the plaintiffs' claims).

[2] This document is recorded in the Official Records of the County of Orange and is a matter of public record not generally subject to dispute. Judicial notice is appropriate under Federal Rule of Evidence 201.

of Wachovia Mortgage, FSB, RJC Ex. F.[3] Subsequently, in November, 2009, Wachovia Mortgage changed its name to "Wells Fargo Bank Southwest, N.A.," and then merged into Wells Fargo Bank, N.A. *See* Certification of the Comptroller of the Currency, RJN Ex. G.[4]

At some point in 2008, after suffering a financial setback that resulted in a decline in income, Plaintiff alleges that he missed a payment on his mortgage. Compl. ¶¶ 19-21. Following this missed payment, Plaintiff alleges that he attempted to secure a loan modification. *Id.* ¶ 22. On May 25, 2012, Plaintiff alleges that Defendant recorded a Notice of Default. *Id.* ¶ 23.

On February 6, 2013, Plaintiff filed an action in the Superior Court of California, County of Orange, alleging violations of California Civil Code § 2923.5 ("Section 2923.5") and California Business & Professions Code § 17200 ("Section 17200"). *See id*. In support of these claims, Plaintiff contends that Defendant failed to comply with Section 2923.5 by failing to communicate with Plaintiff in order to assess Plaintiff's financial position and explore options that would avoid foreclosure. *Id*. ¶¶ 48-64. Similarly, Plaintiff contends that, by violating Section 2923.5, Defendant also violated Section 17200 which prohibits unlawful acts of unfair competition. *Id*. ¶¶ 38-45.

On February 20, 2013, Defendant removed the action to this Court. Not. of Removal (Dkt. 1). On March 6, 2013, Defendant filed the present Motion to Dismiss. Plaintiff filed his Opposition (Dkt. 7) on March 18, 2013, and Defendant filed its Reply (Dkt. 9) on March 22, 2013.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits

---

[3] Judicial notice is appropriate because this document reflects the official acts of the executive branch of the United States, pursuant to Rule 201(b)(2). *Hite v. Wachovia Mortgage*, 2010 U.S. Dist. LEXIS 57732, *69 (E.D. Cal. June 10, 2010) (court took judicial notice of the same document as in this case). Furthermore, judicial notice is appropriate for information obtained from governmental websites. *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, *17 (N.D. Cal. Sept. 8, 2008) (court took judicial notice of information appearing on and printed from official government websites).

[4] *See supra,* note 3.

attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be freely given whenever justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. Discussion

#### a. Plaintiff's Second Cause Of Action For Violation Of Civil Code § 2923.5

Defendant moves to dismiss Plaintiff's second cause of action for violation of California Civil Code § 2923.5 ("Section 2923.5") because Section 2923.5 is preempted by federal law as applied to federal savings banks. Specifically, Defendant argues that, because Wells Fargo's predecessor, World Savings, was a federal savings bank ("FSB") regulated by the Office of Thrift Supervision ("OTS") and chartered under the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461-1470, Plaintiff's allegations stemming from Section 2923.5 are preempted by HOLA.

In a case with very similar facts, this Court has previously found that Section 2923.5 is preempted by HOLA. *See McNeely v. Wells Fargo Bank, NA,* Case No. SACV 11-01370 DOC (MLGx), 2011 WL 6330170 (C.D. Cal. Dec. 15, 2011) (plaintiff alleged violations of Section 2923.5 and Section 17200 based on defendant Wells Fargo's failure to comply with notification requirements). Plaintiff has presented no persuasive argument that would change the result in this case.

Pursuant to HOLA, regulations issued by the OTS are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS adopted a regulation governing the precise subject of the state provision." *Lopez v. World Savings & Loan Association*, 105 Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2. The Ninth Circuit has previously held that HOLA touches so many elements of the banking and mortgage industries that it leaves little room for any sort of state regulatory control. *Silvas v. E*Trade Mortgage Corp.*, 514 F. 3d 1001, 1004-05 (9th Cir. 2008). Accordingly, several specific OTS regulations related to HOLA preempt state laws governing terms of credit, loan-related fees, disclosure and advertising requirements, and processing, origination, servicing, or investment procedures. *See* 12 C.F.R. §§ 560.2(b)(4); 560.2(b)(5); 560.2(b)(9); 560.2(b)(10).

      Within the state of California, Section 2923.5 requires "mortgagee[s], [beneficiaries], or authorized agent[s]" to communicate with borrowers facing foreclosure. Cal. Civ. Code § 2923.5(a)(1). The statute further mandates that these institutions include specific declarations in the Notice of Default served upon the defaulting party. Cal. Civ. Code §2923.5(c)(1). Because Section 2923.5 is a state law that attempts to regulate federal savings banks and their lending and servicing activities, it is exactly the sort of statute that is proscribed by the HOLA. *See, e.g.*, *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1186 n.4 (N.D. Cal. 2012); *Parcray v. Shea Mortg., Inc.,* 2010 WL 1659369, at *9 (E.D. Cal. Apr. 23, 2010) (concluding that HOLA preempts Section 2923.5 because it "concerns the processing and servicing of [the plaintiff]'s mortgage...."); *Odinma v. Aurora Loan Servs.,* 2010 WL 1199886, at *8 (N.D. Cal. Mar. 23, 2010) (concluding that a "Section 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage and is preempted by HOLA"); *Murillo v. Aurora Loan Servs., LLC,* 2009 WL 2160579, at *4 (N.D. Cal. July 17, 2009) (same).

      In addition, the same HOLA preemption analysis applies even after the FSB merges into a national bank, as long as the mortgage originated with an FSB. *See Castillo v. Wachovia Mortgage*, 2012 WL 1213296, at *5 (N.D. Cal. April 11, 201 2) ("Courts have held that a successor entity may properly assert HOLA preemption even if the successor entity is not a federally chartered savings bank."); *DeLeon v. Wells Fargo Bank, N.A.,* 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("[T]he same preemption analysis would apply to any alleged conduct after November 1, 2009, when the lender merged into a national banking association.").

      In arguing that Section 2923.5 is not preempted by HOLA, Plaintiff relies on a single case, and quotes the following language from *Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009 (N.D. Cal. 2012):

> [I]f the Court accepted Defendant's arguments, it would be questionable whether any of California's (or other states') foreclosure laws could avoid preemption. Yet federal law provides no legal framework for foreclosure. Thus, Defendant essentially asks the Court to eviscerate decades of state foreclosure regulation. The Court finds no authority to do so.

875 F. Supp. 2d at 1020-21 (internal citations omitted). Yet Plaintiff fails to note that the court in *Tamburri* was analyzing an argument that Section 2923.5 was preempted by the National Banking Act ("NBA"), 12 U.S.C. § 21, not HOLA. *See id.* at 1016. In fact, the *Tamburri* court based its entire preemption analysis on the observation that "the analogy between the NBA and HOLA is flawed. Unlike the NBA, which contains only a conflict preemption clause, HOLA contains a broad field preemption clause." *Id.* at 1017. Accordingly, the Court finds *Tamburri* inapposite.

      The Court does, however, note that the California Court of Appeal's decision in *Mabry v. Superior Court* held that a claim under Section 2923.5 was not preempted by HOLA "because the remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more." 185 Cal. App. 4th 208, 214 (2010). While its analysis is informative, the state decision is not binding on this Court. Based on Ninth Circuit precedent, district courts within the Ninth Circuit have disagreed with the *Mabry* court and expressly found that Section 2923.5 is preempted by HOLA.

Perhaps the most compelling of these cases are *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. Oct. 27, 2010), and *Taguinod v. World Savings Bank*, 755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010). In both cases, the facts align closely with the instant litigation, in that the plaintiffs brought state court actions against the respective lenders alleging wrongful foreclosure and related claims concerning properties secured by deeds of trust. *Nguyen*, 749 F. Supp. 2d at 1033; *Taguinod*, 755 F. Supp. 2d at 1074. Though both courts mention *Mabry* and its decision that Section 2923.5 is not preempted by HOLA, each independently concludes that the overwhelming trend within the Ninth Circuit is that "a claim under [Section 2923.5] is preempted by HOLA" and that, because the issue is not one of interpreting state law but rather of federal preemption, "the [court] is not bound by the decision in *Mabry*." *Taguinod*, 755 F. Supp. 2d at 1074; *see also Nguyen*, 749 F. Supp. 2d at 1033.

Keeping in line with the precedents handed down by courts within this circuit, this Court finds that Plaintiff's Section 2923.5 claim is preempted by HOLA. Accordingly, Defendant's Motion to Dismiss Plaintiff's second cause of action alleging violation of Section 2923.5 is GRANTED.

### b. Plaintiff's First Cause Of Action For Violation Of Business And Professions Code § 17200

Defendant additionally moves to dismiss Plaintiff's first cause of action for violation of California Business and Professions Code § 17200 ("Section 17200") on the grounds that Plaintiff's claim under Section 17200 is entirely rooted in his underlying claim for violation of Section 2923.5. The Court agrees.

Because Plaintiff's only Section 17200 claim is based on "predicate unlawful business acts and/or practices" concerning his Section 2923.5 claims, this claim too must be dismissed. California courts have repeatedly held that claims rooted in Section 17200 must plead or allege that a business practice independently forbidden by law has occurred. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). Similarly, defendants cannot be found liable for committing "unlawful business practices" under Section 17200 without having violated another law. *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

Plaintiff's pleadings fail to allege any unlawful business practices that are not tied to his already-dismissed Section 2923.5 claim, and so this claim must be dismissed. *See McNeely*, 2011 WL 6330170, at *5. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for violation of Section 17200 is GRANTED.

### IV. Disposition

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims are dismissed without prejudice. Any amended complaint must be filed by June 3, 2013.

The Clerk shall serve this minute order on all parties to the action.